MICHAEL J. HOISINGTON (Bar No. 201679)
mhoisington@higgslaw.com
GEOFFREY M. THORNE (Bar No. 284740)
thorneg@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Plaintiff
LIONS, TIGERS & BEARS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONS, TIGERS & BEARS, a California Nonprofit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S NATURE RETREAT FOUNDATION, a California Nonprofit Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. **'24CV1990 LL   JLB**<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff LIONS, TIGERS & BEARS ("Plaintiff"), by and through its attorneys, Higgs Fletcher & Mack LLP, for its Complaint against Defendant THE CHILDREN'S NATURE RETREAT FOUNDATION ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**OVERVIEW OF LAWSUIT**

1. This is an action for infringement of Plaintiff's federally-registered service mark THE SAN DIEGO ANIMAL SANCTUARY® under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of the mark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's zoo services..

2. Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

**VENUE**

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

5. Plaintiff Lions, Tigers & Bears is a nonprofit corporation that is incorporated in California and has its principal place of business at 24402 Martin Way, Alpine, California 91901. Established in 2002 by founder and director Bobbi Brink, Lions Tigers & Bears is an animal rescue, sanctuary and educational facility

located in east San Diego County. As one of the few exotic animal sanctuaries in the United States accredited by both the Global Federation of Animal Sanctuaries and the American Sanctuary Association, Plaintiff abides by the strict standards of care set forth by these accrediting bodies, ensuring all animals in its charge are provided with the utmost care, compassion and attention.

6. Upon information and belief, Defendant Children's Nature Retreat Foundation is a nonprofit corporation that is incorporated in the US Virgin Islands and has its principal place of business 5178 Japatul Spur, Alpine, CA 91901.  Upon information and belief, Defendant's farm is home to 29 species and 70 breeds of animals acquired from owners who could no longer keep or care for them.

7. The true names and capacities of defendants DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names and will amend to allege their true names and capacities when ascertained.  Plaintiff is informed and believes that each of the DOE defendants is responsible for the acts or omissions alleged in this complaint, and that Plaintiff's injuries and damages were proximately caused by the acts or omissions of these unnamed defendants.

8. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants herein was at all relevant times the principal, agent, alter-ego, joint-venturer, partner, affiliate, manager, subsidiary, servant, employee and/or co-conspirator of each other Defendant, and in performing the acts described in this complaint, was acting in the scope of his, her or its authority with the consent of each other Defendant.  Each Defendant ratified and/or authorized the wrongful acts, conduct, omissions, or commissions of each of the other Defendants.  At all relevant times, each Defendant acted with full knowledge of the conduct of each of the other Defendants, with the intention to cooperate therewith.

/ / /

/ / /

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12611066.2                                        3                                Case No.

## FACTS

A. <u>Plaintiff and Its THE SAN DIEGO ANIMAL SANCTUARY Mark</u>

9. As noted above, Plaintiff is an animal rescue, sanctuary and educational facility located in east San Diego County. It has been operating since 2002 and is home to more than 60 rescued animals and 19 species, including lions, tigers, American and Himalayan black bears, grizzly bears, bobcats, mountain lions, leopards, an African serval, llamas, horses, goats, sheep, chickens, a miniature horse, miniature donkey, peacocks, a macaw and more. Lions Tigers & Bears is a model sanctuary, offering the highest standards of care for rescued exotic animals. The sanctuary features an administrative and volunteer office, a feed room, a barn, pasture, and a state-of-the-art medical facility. Expansive Habitats, a venue area, Airbnb, and gift shop compliment the facility.

10. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 7324319 on the Supplemental Register in the United States Patent and Trademark Office ("<u>USPTO</u>") for the service mark THE SAN DIEGO ANIMAL SANCTUARY® (hereinafter the "<u>Sanctuary Mark</u>") for Zoos; Education services, namely, providing instructional classes, seminars, and workshops in the fields of animal conservation and care in International Class 041. Attached as **Exhibit A** is a true and correct copy of the registration certificate which was issued by the USPTO on March 5, 2024.

11. Plaintiff has used the Sanctuary Mark in commerce throughout the United States continuously since at least April of 2020 in connection with the marketing, advertising, and promotion of its services. Attached hereto as **Exhibit B** is an image from Plaintiff's website at https://www.lionstigersandbears.org/about-us/ showing Plaintiff's use of the Sanctuary Mark in connection with its services.

///

///

///

12. As a result of its widespread, continuous, and exclusive use of its Sanctuary Mark to identify its services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Sanctuary Mark.

13. Plaintiff's Sanctuary Mark has acquired distinctiveness to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its services offered under the Sanctuary Mark, including through its website at https://www.lionstigersandbears.org/.

15. Plaintiff's trade channels are the channels for consumers who want to visit zoos and animal sanctuaries to see animals they do not encounter every day in natural settings.

16. Plaintiff provides its services under its Sanctuary Mark to various types of consumers who like to visit zoos and animal sanctuaries.

17. The services Plaintiff offers under the Sanctuary Mark are of high quality – as noted above, Plaintiff is accredited by both the Global Federation of Animal Sanctuaries and the American Sanctuary Association and abides by the strict standards of care set forth by these accrediting bodies. Plaintiff is also a member of the Big Cat Sanctuary Alliance, American Association of Zookeepers, and the Bear Alliance.

18. As a result of Plaintiff's expenditures and efforts, the Sanctuary Mark has come to signify the high quality of the services designated by the Sanctuary Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B. Defendant's Unlawful Activities

19. Upon information and belief, Defendant is engaged in providing zoo and animal rescue services.

20. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Sanctuary Mark,

Defendant adopted and began using a mark incorporating Plaintiff's Sanctuary Mark, SAN DIEGO ANIMAL SANCTUARY AND FARM (hereinafter, the "Infringing Mark") in US commerce.

21. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's Sanctuary Mark and incorporates the entire Sanctuary Mark. The only difference is that Defendant has added " AND (&) Farm" to Plaintiff's Sanctuary Mark.

22. Upon information and belief, Defendant has been engaged in provision, advertising, promotion, offering for sale, and sale of services using the Infringing Mark throughout the US. Attached hereto as **Exhibit C** is a true and correct copy of a representative image from Defendant's website showing Defendant's use of the Infringing Mark, and Defendant's federal trademark application for "San Diego Animal Sanctuary and Farm" filed on April 23, 2024.

23. Upon information and belief, the services Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical to the services offered under Plaintiff's Sanctuary Mark.

24. Upon information and belief, Defendant has provided, marketed, advertised, promoted, offered for sale, and sold its services under the Infringing Mark through the same channels of trade as the services provided under Plaintiff's Sanctuary Mark.

25. Upon information and belief, Defendant offers and sells its services under the Infringing Mark to the same types of consumers services under Plaintiff's Sanctuary Mark are offered and sold to.

26. Upon information and belief, the services Defendant offers under the Infringing Mark are not of the standard of services offered by Plaintiff under its Sanctuary Mark.

27. On April 16, 2024, Plaintiff's counsel sent a cease-and-desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as

1  **Exhibit D** is a true and correct copy of Plaintiff's counsel's April 16, 2024, cease
2  and desist letter to Defendant.
3      28.    To date, Defendant has refused to cease and desist its use of the
4  Infringing Mark.
5      29.    Defendant's infringing acts as alleged herein have caused and are likely
6  to cause confusion, mistake, and deception among the relevant consuming public as
7  to the source or origin of the Defendant's services and have and are likely to deceive
8  the relevant consuming public into believing, mistakenly, that Defendant's services
9  originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.
10     30.    Defendant's infringing acts as alleged herein have resulted in actual
11 confusion as evidenced by numerous calls to Plaintiff from consumers trying to
12 figure out which facility is associated with Plaintiff as opposed to Defendant.
13     31.    Upon information and belief, Defendant's acts are willful with the
14 deliberate intent to trade on the goodwill of Plaintiff's Sanctuary Mark, cause
15 confusion and deception in the marketplace, and divert potential sales of Plaintiff's
16 services to the Defendant.
17     32.    Defendant's acts are causing and, unless restrained, will continue to
18 cause damage and immediate irreparable harm to Plaintiff and to its valuable
19 reputation and goodwill with the consuming public for which Plaintiff has no
20 adequate remedy at law.

## FIRST CAUSE OF ACTION
**(Federal Trademark Infringement Against All Defendants)**

23     33.    Plaintiff repeats and realleges paragraphs 1 through 32 hereof, as if
24 fully set forth herein.
25     34.    Defendant's unauthorized use in commerce of the Infringing Mark as
26 alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or
27 affiliation of Defendant's services, and is likely to cause consumers to believe,
28 contrary to fact, that Defendant's services are sold, authorized, endorsed, or

sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Sanctuary Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

36. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

37. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION

**(Federal Unfair Competition Against All Defendants)**

38. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

40. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

///

41. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

42. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### (Trademark Infringement Under California Common Law Against All Defendants)

45. Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46. Defendant's acts alleged herein constitute trademark infringement under California common law.

47. As alleged herein, Plaintiff owns valid and subsisting common law trademark rights in California to the Sanctuary Mark for Zoos; Education services, namely, providing instructional classes, seminars, and workshops in the fields of animal conservation and care in International Class 041.

48. As alleged herein, the Sanctuary Mark is distinctive and potential purchasers in California have come to associate services offered and sold under the Sanctuary Mark with Plaintiff.

/ / /

49. Plaintiff's use of its Sanctuary Mark predates Defendant's use of the Infringing Mark and has been in continuous use by Plaintiff through the present date.

50. Defendant's unauthorized use of the Infringing Mark as alleged herein has caused and is likely to continue to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff, all in violation of Plaintiff's rights under California common law.

51. Upon information and belief, Defendant's acts as alleged herein were committed with full knowledge of Plaintiff's prior rights in the Sanctuary Mark, willfully, deliberately, and in bad faith.

52. Defendant's unlawful conduct as alleged herein is directly and proximately causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to injunctive relief, actual and compensatory damages in an amount to be determined at trial, disgorgement of profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION

**(Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200, et seq. Against All Defendants)**

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Defendant's actions alleged herein constitute unlawful business acts under Section 17200 of the California Business and Professions Code.

/ / /

56. Defendant's acts of infringement of Plaintiff's Sanctury Mark in violation of the Lanham Act and/or California statutory and common law, as alleged herein, constitute unlawful business acts or practices in the course of business, trade, or in commerce, in violation of California Business and Professions Code § 17200.

57. Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to, among other relief, injunctive relief, and restitution, together with prejudgment and post-judgment interest.

### FIFTH CAUSE OF ACTION

**(Unfair Competition Under California Common Law Against All Defendants)**

59. Plaintiff repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. Defendant's actions and conduct as alleged herein constitute unfair competition under California common law.

61. As alleged herein, Defendant, without authorization, falsely and deceptively used the Infringing Mark in California to advertise and sell and provide its own services, in violation of Plaintiff's rights under California common law.

62. As a result of Defendant's conduct, as alleged herein, in passing off its services as those of Plaintiff, providing services confusingly similar to those of Plaintiff, and otherwise exploiting Plaintiff's Sanctury Mark, the public is likely to be deceived about the source of Defendant's services.

63. Defendants' acts described herein are likely to cause confusion, deception, or mistake, and thereby constitute unfair competition in violation of Plaintiff's rights.

64. On information and belief, Defendants' acts described herein were willful and committed knowingly to mislead consumers and with malice, oppression, or fraud.

65. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff in the form of lost sales, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

66. Plaintiff is entitled to, among other relief, injunctive relief, monetary relief, and punitive damages, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

2. That Defendant has violated California trademark and unfair competition law;

3. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Sanctuary Mark;

   b. engaging in any activity that infringes Plaintiff's rights in its Sanctuary Mark;

   c. engaging in any activity constituting unfair competition with Plaintiff;

   d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's

services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's [goods/services] are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

  e. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

  f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Plaintiff's Sanctuary Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

  g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark

incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Sanctuary Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Sanctuary Mark, and to immediately remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Sanctuary Mark.

7. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Sanctuary Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

/ / /

/ / /

9. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14. Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 25, 2024        HIGGS FLETCHER & MACK LLP

By:        */s/ Geoffrey M. Thorne*
           MICHAEL J. HOISINGTON
           GEOFFREY M. THORNE
           Attorneys for Plaintiff
           LIONS, TIGERS & BEARS, INC.